## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

AMADI NNODIM,

     Plaintiff,

       v.                     No. 22-cv-11125-DLC

U.S. BANK TRUST
ASSOCIATION, Not In Its
Individual Capacity But
Solely As Trustee For LB-
Igloo Series IV Trust, and
RUSHMORE LOAN MANAGEMENT
SERVICES,

     Defendants.

### MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO STRIKE

CABELL, U.S.M.J.

In this residential mortgage dispute, plaintiff Amadi Nnodim moves to strike a L.R. 37.1[1] certification filed by defendants U.S. Bank Trust Association, as Trustee for LB-Igloo Series IV Trust, and Rushmore Loan Management Services, (the "defendants") in connection with their motion for sanctions. (D. 74). The motion to strike is based on: (1) the defendants' purported failure to confer in good faith before filing the sanctions motion in violation of L.R. 37.1(a)(1) and Federal Rule of Civil Procedure 37(a)(1) ("Rule 37(a)(1)"); (2) the substantially false and misleading representations by the defendants in the certification;

---

[1] L.R. 37.1 refers to Local Rule 37.1 of the Local Rules of the United States District Court for the District of Massachusetts.

and (3) the belated filing of the certification thirteen days after filing the motion for sanctions.  (D. 74).

Disagreeing, the defendants assert that the statements in the certification were accurate.  (D. 75).  They correctly point out that the sanctions motion primarily concerned the plaintiff's failure to appear for his deposition on May 22, 2024.  They also outline their attempts to confer with the plaintiff's counsel to schedule a further deposition and maintain they acted in good faith.  For reasons explained below, the defendants' arguments are well-taken with respect to the plaintiff's first and second arguments.  Anent the third argument, the belated filing of the certification is excused.  Accordingly, the motion to strike (D. 74) is denied.

## I.  LEGAL STANDARD

Local Rule 37.1 requires that before filing "any motion for sanctions . . .," counsel for each party shall confer in good faith to narrow the areas of disagreement . . . ."  L.R. 37.1(a).  The motion for sanctions must also include a certificate "that the provisions of this rule have been complied with."  L.R. 37(b).  It is "the responsibility of counsel for the moving party to arrange the conference."  L.R. 37.1(a).

Rule 37(a)(1), by its terms, applies to a "motion for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a).  Whereas the rule mandates that a motion to compel or disclose

include a certification that the movant has conferred in good faith, Rule 37(a)(1) and its certification requirement apply "to motions seeking orders to compel, not to motions for sanctions."[2] *Bernardi Ortiz v. Cybex Int'l, Inc.*, Civil Action No. 15-2989 (PAD), 2018 WL 2448130, at *2 (D.P.R. May 30, 2018) (citation omitted); *accord Daniel Defense, LLC v. Tactical Edge, LLC*, 677 F. Supp. 3d 1332, 1352 n.7 (S.D. Ga. 2023) ("Rule 37(a)(1)'s certification requirement is inapplicable here because Plaintiff moved for sanctions, not for an order to compel disclosure or discovery."); *Seals v. Sprint/United Management Co.*, Civil Action No. 1:17-CV-3019-MLB-CCB, 2019 WL 13060748, at *4 n.1 (N.D. Ga. Sept. 30, 2019) (rejecting plaintiff's argument "that Defendant was required to confer with Plaintiff prior to filing its motion for sanctions" under Rule 37(a)(1) because rule "address[es] motions to compel a disclosure" and "instant motion is not a motion to compel.").

## II.  BACKGROUND

The defendants acknowledged that they filed the L.R. 37.1 certification thirteen days after they filed the motion for sanctions.  The certification reads:

> that beginning on July 11, 2024, Defendants' counsel attempted to schedule a deposition with Plaintiff's counsel

---

[2] The plaintiff's brief, two-page motion to strike cited Rule 37(a)(1) as opposed to Rule 37(d)(1).  Hence, the plaintiff did not make an argument about the certification requirement in Rule 37(d)(1).  He therefore waived any such argument.  *See Duval v. United States Dept. of Veterans Affairs*, 69 F.4th 37, 45 n.5 (1st Cir. 2023) (deeming "argument waived for lack of development").

and ascertain the nature of the Plaintiff's illness. Defendants' counsel followed up regarding the deposition on July 16, 2024, July 18, 2024, and finally on July 31, 2024 without a response until August 1, 2024. The parties agreed to confer on August 5, 2024. On August 5, 2024, Defendants' counsel asked to reschedule the conference. On August 8, 2024, August 13, 2024, August 19, 2024, and August 26, 2024 Defendants' counsel sent emails to Plaintiff's counsel regarding the deposition and conferring and received no response. To date Plaintiff's counsel has failed to respond to those emails but instead filed his opposition to Defendants' Motion for Sanctions. Therefore, Plaintiff's counsel failed to respond to the request to confer within seven (7) days of the original email dated August 5, 2024.

(D. 73).

As indicated, the sanctions motion primarily concerned the plaintiff's failure to appear for his deposition. Regarding the plaintiff's deposition, the defendants' counsel reached out to the plaintiff's counsel several times to secure a date to conduct the deposition before filing the motion for sanctions on September 10, 2024. More specifically, the defendants' counsel made repeated efforts to obtain a new date for the deposition in June and July without success. (D. 71-4) (D. 71-5) (D. 71-6) (D. 71-7) (D. 71-8). On July 11, 2024, the plaintiff's counsel advised the defendants' counsel by email that the plaintiff was ill. (D. 71-8). Thereafter, the defendants' counsel asked for details about the illness in July and August, again without success, until receiving a September 16 doctor's note from the plaintiff's counsel. (D. 71-8) (D. 71-9) (D. 71-12) (D. 71-13) (D. 71- 14) (D. 71-16).

The defendant's counsel engaged in these efforts in good faith.  For instance, the above evinced that he tried to work cooperatively with the plaintiff's counsel to avoid or at least narrow the issues by securing a deposition date before filing the sanctions motion.  On July 16, he asked the plaintiff's counsel how the plaintiff was doing and when it might be possible to schedule his deposition.  (D. 71-8).  Not having heard from the plaintiff's counsel, the defendants' counsel followed up with a July 18 email asking for information.  (D. 71-8) ("Benneth: Please advise.  It's now been almost a month since our [June 20] hearing.").[3]  On July 31, and still not having received a response, the defendants' counsel followed up with an email to the plaintiff's counsel regarding the deposition.  (D. 71-8).  The plaintiff's counsel replied to the July 31 email on August 1 by stating that his client remained ill, to which the defendants' counsel raised doubts about the plaintiff being ill for twenty-one days and asked to "[p]lease provide [him] some more specific information."  (D. 71-8).

On August 1, the parties agreed to confer on August 5 about the defendants' discovery responses.[4]  (D. 75-1) (D. 71-9).  On

---

[3] The court held a hearing on June 20 addressing the sanctions motion as well as the plaintiff's motion to compel the defendants' responses to interrogatories and document requests.

[4] Previously, the defendants' counsel emailed the plaintiff's counsel on July 8 inquiring if he wanted to confer about the defendants' discovery responses. (D. 71-7).

August 5, the defendants' counsel asked to move the meeting.  (D. 75-1).  In response, the plaintiff's counsel suggested having the conference late in the afternoon on August 7.  (D. 71-10).  The defendants' counsel replied on August 5 that he was not available and asked for some dates to confer after August 7.  (D. 75-1) (D. 71-10).  There is no indication that the plaintiff's counsel responded to the defendants' counsel's request for new dates to conduct the conference.  (D. 71-13) (the defendants' counsel's August 8 email apologizing for inability to meet on Monday August 5 and asking "[p]lease get back to me about other dates and times to meet"); (D. 75-1) (referring to the defendants' counsel's August 8 and 13 emails asking about dates for conference and receiving no response).  In addition to the discovery responses, the August 5 email raised the deposition by asking if the plaintiff's counsel would agree to a motion to extend the time to conduct the deposition.[5]  (D. 71-13) (D. 75-1).

On August 8, the defendants' counsel asked for more details about the plaintiff's illness and stated that the delay in conducting the deposition might soon impact his ability to prepare a summary judgment motion.  (D. 71-13) (D. 75-1).  He also asked the plaintiff's counsel to get back to him about other dates to

---

[5] The plaintiff did not agree to the assented-to motion.  (D. 75-1).  The docket also fails to reflect an assented-to motion to extend the time to conduct the deposition filed in August 2024 or thereafter.

conduct a conference.  (D. 71-13) (D. 75-1).  On August 13, the defendants' counsel again asked the plaintiff's counsel if he would agree to extend the deadline to conduct the deposition.  (D. 71-14) (D. 75-1).  The defendants' counsel also followed up about a date for the conference.  (D. 71-14) (D. 75-1).  The plaintiff's counsel did not respond to either email.  (D. 75-1).

On August 19, the defendants' counsel asked about when they could confer regarding the deposition.  (D. 71-15) (D. 75-1).  On August 26, the defendants' counsel inquired about the plaintiff's illness and again asked about a date to confer vis-à-vis a deposition date.  (D. 71-16) (D. 75-1).  The plaintiff's counsel did not respond to the August 26 email.  Further, there is little, if anything, to indicate that the plaintiff responded to the August 19 email.[6]  (D. 75-1).

III. **<u>DISCUSSION</u>**

As noted, the plaintiff argues that the defendants failed to confer in good faith before filing the motion for sanctions and made substantially false and misleading representations in the certification.  The plaintiff also challenges the belated filing of the certification thirteen days after filing the motion for sanctions.  (D. 74).  The arguments are addressed seriatim.

---

[6] More recently, the plaintiff's counsel indicated his client would be available for a deposition on April 14, 2025.  (D. 77).

Regarding the first argument, in the months prior to the September 10 filing of the sanctions motion, the defendants' counsel repeatedly asked the plaintiff's counsel about dates for the plaintiff's deposition, which was the primary subject of the sanctions motion. (D. 71-4) (June 21 email stating, "Benneth: Please advise regarding dates for Mr. Nnodim's deposition."); (D. 71-5) (June 27 email stating, "Benneth: Please advise when your client is available for a deposition."); (D. 71-6) (June 28 email stating, "Benneth: I emailed you on 6/21/24 inquiring about dates for your client's deposition and you stated that you would try to speak to your client over the weekend. I then emailed you yesterday morning about possible dates and I have not received a response. Please advise if you have spoken to your client."); (D. 71-7) (July 8 email stating, "Benneth: I am following up regarding dates for the deposition of Mr. Nnodim."); (D. 71-8) (July 11 email stating, "Benneth: I have been emailing you since 6/21/24 requesting dates for a deposition . . . Please provide dates that your client is available for deposition."); (D. 71-8) (July 16 email stating, "Benneth: I am following up to see how Mr. Nnodim is doing and when we might be able to schedule his deposition."); (D. 71-8) (July 18 email stating, "Benneth: Please advise."); (D. 75-1) (the defendants' counsel's affidavit describing July 18 email as requesting date for the plaintiff's deposition); (D. 71-8) (July 31 email stating, "Benneth: I am following up again

8

regarding your client's deposition.  I emailed you on 7/16 and 7/18 and you have failed to respond to me.").  The defendants' counsel also asked the plaintiff's counsel on August 19 and 26 about when they could confer regarding the deposition.

To be sure, L.R. 37.1 states that the parties "*shall* confer" and the moving parties (the defendants) bear the responsibility to arrange the conference.  L.R. 37.1 (emphasis added).  However, they can hardly do so where the plaintiff's counsel was not responsive to their repeated attempts to schedule the deposition and to conduct a conference about the deposition.  *See A & V Fishing, Inc. v. Home Ins. Co.*, 145 F.R.D. 285, 286–287 (D. Mass. 1993) (rejecting defendant's argument that plaintiff failed to comply with L.R. 37.1's requirement to confer in good faith as basis to deny plaintiff's Rule 11 sanctions motion).[7]  As explained in *A & V Fishing*, Home's counsel did not respond to a letter, which together with a phone call served as the surrogate for a good faith conference.  *Id.* at 286.  Tellingly and equally applicable to the circumstances here, the court stated:

> I do not know what Home's counsel expected . . . . *The ball was clearly in Home's counsel's court to respond to the problem*, either by advising that he disagreed and did not see a problem or that he needed some time to consider the matter and would get back to A & V's counsel within a reasonable time.  *I find that there was sufficient compliance with the local rules by*

---

[7] Although the court in *A & V Fishing* denied without prejudice plaintiff's Rule 11 sanctions motion, the court did so based on the defendant's other arguments. *Id.* at 287-288.  Moreover, even though the court adjudicated a Rule 11 motion, the reasoning premised on the non-responsiveness applies equally to the motion to strike.

*A & V's counsel*.   The mechanisms of the local rules are designed to resolve or narrow areas of dispute; they are not to be employed as a stalling tactic by counsel from whom discovery is sought.

*Id.* at 286-287 (emphasis added).   That reasoning is well taken here.  The court finds accordingly that the defendants sufficiently complied with L.R. 37.1's requirement to confer in good faith.

Turning to the plaintiff's second argument, the certification did not include any substantially false or misleading representations.   Proceeding sentence-by-sentence, the background substantiates each sentence as by and large accurate.  As to the first sentence, the plaintiff's counsel emailed the defendants' counsel on July 11 informing him that the plaintiff was ill. Thereafter, the defendants' counsel continued his attempts to schedule the deposition as well as to ascertain more details regarding the plaintiff's illness.

The second sentence correctly notes that the defendants' counsel followed up with emails on July 16, 18, and 31 without a response until August 1.  The third sentence is largely correct because the parties did agree to confer on August 5, albeit about the defendants' discovery responses.   The fourth sentence accurately notes that the defendants' counsel asked to move the meeting.  The fifth sentence is accurate because on August 8, 13, 19, and 26, the defendants' counsel emailed the plaintiff's counsel regarding the deposition and/or conducting a conference without a

response.  The last two sentences are not substantially false or materially misleading.  The defendants sufficiently established that the plaintiff's counsel did not respond to the defendants' counsel's August 5, 11:18 a.m. email.

Anent the third and final argument, the defendants acknowledge they filed the certification thirteen days after filing the sanctions motion.  As articulated in the legal standard, however, Rule 37(a)(1) does not apply to a motion for sanctions. The issue therefore reduces to whether the belated filing of the certification violated L.R. 37.1.

L.R. 37.1(b) states as follows:

The motion shall include a certificate in the margin of the last page that the provisions of this rule have been complied with.  *The memorandum* shall state with particularity the following:

(1) *If a discovery conference was not held, the reasons why it was not*;

(2) If a discovery conference was held, the time, date, location and duration of the conference; who was present for each party; the matters on which the parties reached agreement; and the issues remaining to be decided by the court;

(3) The nature of the case and the facts relevant to the discovery matters to be decided;

(4) Each interrogatory, deposition question, request for production, request for admission or other discovery matter raising an issue to be decided by the court, and the response thereto; and

(5) A statement of the moving party's position as to each contested issue, with supporting legal authority, which

statement shall be set forth separately immediately following
each contested item.

L.R. 37.1(b) (emphasis added).

Notwithstanding the absence of a certificate in the motion,
the supporting memorandum explains why the conference was not held.
To that point, the defendants' counsel emailed the plaintiff's
counsel on August 19 and 26 asking about when they could meet and
confer about the plaintiff's deposition. The defendants' counsel
did not receive a response. Moreover, the defendants' counsel
recites this in the memorandum. Hence, in substance, the
defendants complied, at least in part, with L.R. 37.1(b).
Exercising this court's discretion, their failure to include a
certificate in the motion and the belated filing of the
certification thirteen days later does not warrant a sanction.
See *A & V Fishing*, 145 F.R.D. at 286 (noting that, "A & V's counsel
has failed to comply with L.R. 37.1(B) in that there is no
certificate[,]" but "there is within the body of the motion and
the attachments sufficient evidence that there has been compliance
so that the failure to include a certificate in the required form
may be excused.").

As a final matter, the plaintiff summarily requests
attorney's fees and costs incurred in filing the motion but he
does not cite any legal authority to support the request.
Regardless, reasonably construing the request as brought under

Federal Rule of Civil Procedure 37(a)(5), it is unavailing. The motion to strike was not a motion to compel. In any event, the denial of the motion to strike precludes allowing the plaintiff fees and costs under Rule 37(a)(5). *See* Fed.R.Civ.P. 37(a)(5)(B) (allowing fees to *nonmoving* party if motion is denied subject to certain exceptions).[8]

## IV.  <u>CONCLUSION</u>

In accordance with the foregoing discussion, the motion to strike, including the request for fees and costs, (D. 74) is <u>**DENIED**</u>.


_/s/ Donald L. Cabell_
DONALD L. CABELL, Chief U.S.M.J.

DATED:  April 1, 2025

---

[8] The defendants did not request attorney's fees and costs. See *Duval,* 69 F.4th at 45 n.5.